**CONSOLIDATION COAL COMPANY,**
a corporation

v.

**Lawrence W. BAILEY, individually and as the representative party of all other persons in the class similarly situated, Appellant,**

**The Township of Perry, Greene County, Pennsylvania, et al., Appellees.**

No. 71–1846.

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1972.

Decided Sept. 27, 1972.

Franklin D. Cleckley, Morgantown, W. Va. (Harry F. Swanger, Pittsburgh, Pa., on the brief), for appellant.

Clayton A. Sweeney, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa. (John I. Hook, Jr., Waynesburg, Pa., Bartlett H. McGuire, David H. Perez, Pittsburgh, Pa., on the brief), for appellees Township of Perry and others.

Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant Bailey, a class action defendant in an interpleader action, appeals the determination by the district court, 330 F.Supp. 474, that the Township of Perry, Pennsylvania, the adverse claimant to the interpleaded fund, was entitled thereto. The fund consists of monies withheld from wages earned by the class members from Consolidation Coal Company, the plaintiff in interpleader.[1] The wages were withheld pursuant to tax ordinances passed by the Township of Perry on the authority of the Local Tax Enabling Act of 1965, 53 Pa.Stat.Ann. § 6901 et seq. (Supp.1972). One ordinance levied a one per cent tax on the income of nonresidents earned for services rendered in the Township. The other levied an occupational privilege tax of $10 per person on all persons, resident and nonresident, laboring in Perry. Pursuant to the ordinances the taxes were withheld by Consolidation. The amounts withheld are claimed both by the Township and by the wage earners.

Consolidation, a Delaware corporation, operates the Humphrey mine, which was originally opened in West Virginia, but which was eventually extended, underground, across the state line into Perry Township, Pennsylvania. The mine has ventilator shafts, a portal, a washhouse, and a parking lot in Perry Township, but all coal mined in Pennsylvania is removed underground to West Virginia where it is processed for sale. The appellant and the class he represents are West Virginia residents who work in the Humphrey mine. They enter the mine through the portal in Perry and work underground extracting coal entirely within that Township. West Virginia and Pennsylvania have an informal agreement with respect to mines extending across the state line that the state in which the mine was first opened shall have jurisdiction over the entire mine with respect to mine safety regulations.

The nonresident miners claim that as a matter of due process of law Pennsylvania lacks jurisdiction to tax and that the tax is on interstate coal mining in violation of the commerce clause. The district court rejected these contentions. We affirm.

A state can tax income produced within its borders, and can tax the income of nonresidents from occupations carried on within its borders. International Harvester Co. v. Wisconsin Department of Taxation, 322 U.S. 435, 64 S.Ct. 1060, 88 L.Ed. 1373 (1944); Non-Resident Taxpayers Ass'n v. Philadelphia, 341 F.Supp. 1139 (D.N.J.1971). The taxing power extends to activities which are in interstate commerce, provided that the state has exerted its power only in proportion to activities within its borders; and as to which activities it has afforded opportunity and protection.

1. The matter was before this court previously on the issue of jurisdiction under 28 U.S.C. § 1355, Consolidation Coal Company v. Bailey, Nos. 71–1193, 71–1304 (3d Cir., 1971).

**1126**

E. g., General Motors Corp. v. Washington, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964); Wisconsin v. J. C. Penney Co., 311 U.S. 435, 61 S.Ct. 246, 85 L.Ed. 267 (1940); Pan American World Airways v. Government of Virgin Islands, 459 F.2d 387 (3d Cir. 1972). Clearly here, where the miners work at extracting Pennsylvania coal entirely within the boundaries of Perry Township, Pennsylvania, enter the mine through a portal in that Township, use a Perry Township washhouse, a Perry Township parking lot and Perry Township roads to get to work, there is a sufficient nexus for the imposition of a tax. Appellant relies principally upon the informal understanding between Pennsylvania and West Virginia by which the latter has mine safety enforcement responsibility. That agreement, however, is an administrative convenience irrelevant to the issue of Pennsylvania's power to tax. There is no contention that the small tax here involved imposes so great a burden on interstate commerce in coal as to amount to a discrimination against such commerce. The commerce clause does not relieve those engaged in interstate commerce from a just share of the state tax burden. Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 254, 58 S.Ct. 546, 82 L.Ed. 823 (1938).

Appellants also contend that the Pennsylvania Enabling Act deduction provision, 53 Pa.Stat.Ann. § 6914 (Supp.1972), is violative of the equal protection and privileges and immunities clauses of the United States Constitution because it provides that a Pennsylvania resident receives a credit for out-of-state income taxes he pays, whereas a nonresident is given such credit only if the state where he paid the tax has a reciprocal provision giving Pennsylvania residents a similar credit. This, appellants argue, subjects nonresidents to the risk of multiple taxation from which residents are protected. The risk to which they refer, however, is entirely hypothetical. Political subdivisions of West Virginia do not have the power to enact either a personal income tax or an earned income tax, W.Va.Code Ann., §§ 11–8–1 et seq., 11–21–1 et seq. (1966); and the state gives nonresidents a credit against the personal income tax it imposes if the nonresident's home state has reciprocal provisions, § 11–21–40, thereby meeting the Pennsylvania requirements for statutory credit. Since the class of miners before us has·not been subjected to any discrimination we see no justiciable issue as to the effect of the Pennsylvania reciprocity provision.

The judgment of the district court will be affirmed.